RECEIVED CLERK'S OFFICE

2008 APR -4  A 10: 58

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| **David L. Henderson**, #255117, | ) **C/A No. 9:08-978-MBS-GCK** |
| | ) |
| Petitioner, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Richard Bazzle, Warden of Perry Correctional Institute, | ) |
| | ) |
| Respondents. | ) |
| | ) |

The petitioner, David L. Henderson ("Petitioner"), proceeding *pro se*, brings this action

pursuant to 28 U.S.C. § 2254 for habeas relief.[1]  Petitioner is an inmate at Perry Correctional

Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action

*in forma pauperis* under 28 U.S.C. § 1915.  Petitioner has filed a previous § 2254 petition in this

Court, which was dismissed as untimely, C/A 9:06-1696-MBS-GCK.  The instant petition is likewise

untimely.  This petition is also successive, and is presented without an order from the Fourth Circuit

Court of Appeals authorizing this Court to consider a successive petition.  This petition is therefore

subject to summary dismissal.

<u>Standard of Review</u>



Under established local procedure in this judicial district, a careful review has been made of

the *pro se* petition filed in this case.  The review was conducted pursuant to the procedural

provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism

and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c),
D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and
recommendations to the District Court.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background and Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Although it is possible that Petitioner attempted to exhaust his state court remedies, his petition is successive.

As noted above, Petitioner has filed a prior § 2254 habeas corpus action in this Court. This Court may take judicial notice of Petitioner's prior § 2254 case. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

2

Petitioner's prior § 2254 case was dismissed as untimely. *See* C/A 9:06-1696-MBS-GCK, Report and Recommendation of September 13, 2007 and Order of October 15, 2007 adopting the Report and Recommendation.

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.



The date on which the challenged judgment became final was ten days after his March 21, 2001 guilty plea because that was the last date on which he coulsd serve a notice of appeal to the South Carolina Supreme Court. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . . , a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed"). Petitioner's convictions, then, became final on April 2, 2001, as he did not file an appeal. Thereafter, he had one year within which to file a habeas petition, or properly file a state post-conviction relief (PCR) petition that would serve to toll the habeas limitations period.

3

Petitioner did not file his application for PCR until March 27, 2002. The state court rejected the petition as untimely. *See* C/A 9:06-1696-MBS-GCK, Report and Recommendation of September 13, 2007 at 7-8. Therefore, Petitioner's PCR was not properly filed such that he is entitled to statutory tolling under § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4 at 8, 11 (2000)("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery"); *Pace v. DiGuglielmo*, 544 U.S. 408 (a state court's rejection of a PCR application as untimely renders the application not properly filed for purposes of statutory tolling under § 2244(d)(2)).

The PCR application was denied February 5, 2004, and the South Carolina Supreme Court denied certiorari in an order filed on January 6, 2006. C/A 9:06-1696-MBS-GCK, Report and Recommendation of September 13, 2007 at 4. Even had the limitations period tolled while the PCR application was pending, Petitioner would have had only five days left in which to file a habeas case. Petitioner's previous petition, dismissed because it was untimely, was filed June 6, 2006.

A doctrine of equitable tolling sometimes applies to the statute of limitations, based on "extraordinary circumstances" beyond the inmate's control which cause delay. *Bilodeau v. Angelone*, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999). However, in the instant petition, no equitable tolling argument is presented that could toll the limitations period that had already expired when the previous petition was filed. When given the opportunity to discuss the timeliness of the petition, Petitioner leaves the space blank. Petition at 14. Therefore, even if this petition was not successive, it would be subject to summary dismissal because it is untimely.[2]

However, this petition is successive. The grounds presented in the instant petition differ from

_____

[2] "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

4

those presented in the previous case. Regardless of whether they have been presented before, however, they cannot be presented in this successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed" 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[3] Petitioner has presented no arguments that relate to any of the statutory exceptions.

The "AEDPA does not define 'second or successive'". *US v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive). While a dismissal for failure to exhaust administrative remedies is not an adjudication "on the merits," as discussed in *Slack*, a dismissal of a petition as untimely renders a subsequent petition successive because habeas relief is precluded outside of the limitations period in the absence of a valid equitable tolling argument.

As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule

---

[3] An exception applies if: 28 U.S.C. § 2244(b)(2)(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

9 of the Section 2254 Rules.[4] *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir.

1985). *See also McClesky v. Zant*, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472

(1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*,

92 F.3d  1336 (4th Cir. 1996); and  *Armstead v. Parke*, 930 F. Supp. 1285 (N.D.Ind. 1996).

### Conclusion

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be

dismissed *without prejudice* as untimely,  and as a successive § 2254 petition under Rule 9 of the

Section 2254 Rules, *without requiring the respondents to file a return. See Allen v. Perini*, 424 F.2d

134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate

burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v.*

*Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record

clearly indicates that  Petitioner's claims are either barred from review or without merit); and the

Anti-Terrorism and Effective Death Penalty Act of 1996. **Petitioner's attention is directed to the**

**notice on the following page.**

George C. Kosko
United States Magistrate Judge

April 4 , 2008
Charleston, South Carolina

---

[4] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).